**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DYSON, INC. and <br> DYSON TECHNOLOGY LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> EURO-PRO OPERATING LLC and <br> EURO-PRO SALES COMPANY, <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson") file this Complaint for Patent Infringement against Defendants Euro-Pro Operating LLC and Euro-Pro Sales Company (collectively, "Euro-Pro"), hereby demand a jury trial, and allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement. This action is based upon the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Dyson, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois.

3. Plaintiff Dyson Technology Limited is a private limited company organized and existing under the laws of England and Wales, with its principal place of business in Malmesbury, United Kingdom.

4. On information and belief Defendant Euro-Pro Operating LLC is a limited liability company organized under the laws of the state of Delaware with an office and principal place of business located at 180 Wells Avenue, Newton, Massachusetts 02459.

5. On information and belief Defendant Euro-Pro Sales Company is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 180 Wells Avenue, Newton, Massachusetts 02459.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Euro-Pro because Euro-Pro has conducted and is conducting substantial business in this Judicial District, both generally and with respect to the allegations in this Complaint, and Euro-Pro has committed one or more acts of infringement in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) and 1400(b) because Euro-Pro has regularly conducted business in this District and has committed, and is continuing to commit, acts of patent infringement in this District by making, using, importing, selling, or offering to sell vacuum cleaners, accessories, and parts that infringe Dyson's patents.

## THE PATENTS

9. On September 25, 2012, United States Patent No. D668,010 ("the '010 patent"), entitled "VACUUM CLEANER" (Exhibit A), duly and legally issued.

10. Dyson Technology Limited owns all rights, title, and interest in and to the '010 patent and has the right to sue and recover for past, present, and future infringement.

11. Under a license to the '010 patent from Dyson Technology Limited, Dyson, Inc. sells and distributes Dyson vacuum cleaners, accessories, and parts in the United States.

12. On October 9, 2012, United States Patent No. D668,823 ("the '823 patent"), entitled "VACUUM CLEANER" (Exhibit B), duly and legally issued.

13. Dyson Technology Limited owns all rights, title, and interest in and to the '823 patent and has the right to sue and recover for past, present, and future infringement.

14. Under a license to the '823 patent from Dyson Technology Limited, Dyson, Inc. sells and distributes Dyson vacuum cleaners, accessories, and parts in the United States.

### COUNT I - INFRINGEMENT OF THE '010 PATENT

15. Paragraphs 1 through 14 are incorporated by reference as though fully stated herein.

16. Euro-Pro has manufactured, used, imported, offered for sale, or sold vacuum cleaners, accessories, and parts, including at least the Shark Rocket and its accessories and parts, that directly or indirectly infringe, either literally or under the doctrine of equivalents, at least the claim of the '010 patent in violation of 35 U.S.C. § 271.

17. Euro-Pro's infringement has damaged and continues to damage and injure Dyson. The injury to Dyson is irreparable and will continue unless and until Euro-Pro is enjoined from further infringement.

18. Euro-Pro has engaged and is engaging in willful and deliberate infringement of the '010 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II - INFRINGEMENT OF THE '823 PATENT

19. Paragraphs 1 through 18 are incorporated by reference as though fully stated herein.

20. Euro-Pro has manufactured, used, imported, offered for sale, or sold vacuum cleaners, accessories, and parts, including at least the Shark Rocket and its accessories and parts, that directly or indirectly infringe, either literally or under the doctrine of equivalents, at least the claim of the '823 patent in violation of 35 U.S.C. § 271.

21. Euro-Pro's infringement has damaged and continues to damage and injure Dyson. The injury to Dyson is irreparable and will continue unless and until Euro-Pro is enjoined from further infringement.

22. Euro-Pro has engaged and is engaging in willful and deliberate infringement of the '823 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dyson prays that this Court:

A. Enter a judgment that Euro-Pro has infringed, actively induced others to infringe, and/or contributorily infringed the '010 and '823 patents;

B. Award Dyson damages in an amount sufficient to compensate Dyson for Euro-Pro's infringement, active inducement of others' infringement, and/or contributory infringement of the '010 and '823 patents, but not less than a reasonable royalty;

C. Award Dyson prejudgment interest pursuant to 35 U.S.C. § 284.

D. Award Dyson the total profits from Euro-Pro's infringing sales pursuant to 35 U.S.C. § 289, by reason of Euro-Pro's infringement of the '010 and '823 patents.

E. Award Dyson increased damages pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Dyson, by reason of Euro-Pro's willful infringement of the '010 and '823 patents;

F. Enter a permanent injunction enjoining Euro-Pro, its officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and all persons in active concert or participation with any of them, from further acts of infringement of the '010 and '823 patents, pursuant to 35 U.S.C. § 283;

G. Declare this case exceptional under 35 U.S.C. § 285 and award Dyson its reasonable attorneys' fees, expenses, and costs incurred in prosecuting this action; and

H. Grant Dyson such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Dyson hereby demands a jury trial on all issues appropriately triable by a jury.

Dated:  February 4, 2014     Respectfully submitted,

/s/ David K. Callahan
David K. Callahan, P.C. (6206671)
dcallahan@kirkland.com
Ann Marie T. Wahls (6275778)
awahls@kirkland.com
Ian J. Block (6299117)
iblock@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for Plaintiffs Dyson, Inc. & Dyson Technology Limited*