IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC. and <br> DYSON TECHNOLOGY LIMITED, <br><br> *Plaintiffs /* <br> *Counterclaim-Defendants*, <br><br> v. <br><br> EURO-PRO OPERATING LLC and <br> EURO-PRO SALES COMPANY, <br><br> *Defendants /* <br> *Counterclaim-Plaintiffs*. | Case No. 1:14-cv-00779 <br><br> Judge: Hon. John W. Darrah <br><br> **JURY TRIAL DEMANDED** |

**DYSON, INC. AND DYSON TECHNOLOGY LIMITED'S ANSWER TO EURO-PRO OPERATING LLC AND EURO-PRO SALES COMPANY'S COUNTERCLAIMS**

Plaintiffs and Counterclaim-Defendants Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson") hereby answers the Counterclaims of Defendants and Counterclaim-Plaintiffs Euro-Pro Operating LLC and Euro-Pro Sales Company (collectively, "Euro-Pro") as follows:

**NATURE OF THE ACTION**

1. The counterclaim causes of action are for declaratory judgment of non-infringement and invalidity.

ANSWER: Dyson admits that Euro-Pro alleges counterclaim causes of action for declaratory judgment of non-infringement and invalidity. Dyson denies that Euro-Pro properly states such a claim and specifically denies that Dyson's asserted patents are not infringed or invalid.

## PARTIES

2. Counterclaim-Plaintiff Euro-Pro Operating LLC is a limited liability company organized under the laws of the state of Delaware with an office and principal place of business located at 180 Wells Avenue, Suite 200, Newton, Massachusetts 02459.

ANSWER: Admitted.

3. Counterclaim-Plaintiff Euro-Pro Sales Company is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 180 Wells Avenue, Suite 200, Newton, Massachusetts 02459.

ANSWER: Admitted.

4. On information and belief, Counterclaim-Defendant Dyson, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois.

ANSWER: Admitted.

5. On information and belief, Counterclaim-Defendant Dyson Technology Limited is a private limited company organized and existing under the laws of England and Wales, with its principal place of business in Malmesbury, United Kingdom.

ANSWER: Admitted.

## JURISDICTION AND VENUE

6. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

ANSWER: Dyson admits that Euro-Pro's Counterclaims purport to arise under the patent laws of the United States and the Declaratory Judgment Act. Dyson further admits that this Court has subject matter jurisdiction over Euro-Pro's Counterclaims under 28 U.S.C. §§ 2201, 2202, 1331, and 1338. Dyson denies the remaining allegations of paragraph 6.

7. Counterclaim-Defendants are subject to the personal jurisdiction of this Court because Counterclaim-Defendants consented to this venue by filing their claims here, in response to which these counterclaims are asserted.

ANSWER: Admitted.

8. Venue is proper at least because Counterclaim-Defendants consented to this venue by filing their claims here, in response to which these counterclaims are asserted. Venue is proper also under 28 U.S.C. §§ 1391 and 1400.

ANSWER: Admitted.

9. By virtue of the Complaint, an actual and justiciable controversy exists between Counterclaim-Defendants and Counterclaim-Plaintiffs concerning the non-infringement and invalidity of United States Design Patent No. D668,010 ("the '010 patent") and United States Design Patent No. D668,823 ("the '823 patent"). A judicial declaration is necessary and appropriate to resolve these controversies.

ANSWER: Admitted.

**FIRST COUNTERCLAIM: NON-INFRINGEMENT OF '010 PATENT**

10. Counterclaim-Plaintiffs are not infringing and have not infringed any properly-construed, valid claim of the '010 patent.

ANSWER: Denied.

## SECOND COUNTERCLAIM: INVALIDITY OF '010 PATENT

11. The claim of the '010 patent is invalid for failing to comply with the statutory requirements of the Patent Act, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER: Denied.

## THIRD COUNTERCLAIM: NON-INFRINGEMENT OF '823 PATENT

12. Counterclaim-Plaintiffs are not infringing and have not infringed any properly-construed, valid claim of the '823 patent.

ANSWER: Denied.

## FOURTH COUNTERCLAIM: INVALIDITY OF '823 PATENT

13. The claim of the '823 patent is invalid for failing to comply with the statutory requirements of the Patent Act, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER: Denied.

## RESERVATION OF RIGHTS

14. Counterclaim-Plaintiffs reserve the right to add any additional counterclaims that discovery may reveal.

ANSWER: Dyson denies that Euro-Pro may reserve the right to add any additional counterclaims to the extent amended pleadings are prohibited by the Federal Rules of Civil Procedure, the Local Rules and Local Patent Rules of this District, and this Court's Order setting a schedule in this matter.

## RESPONSE TO REQUEST FOR RELIEF

Dyson denies that Euro-Pro is entitled to any relief.

## JURY DEMAND

Dyson hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: April 18, 2014 Respectfully submitted,

By: */s/ Bryan S. Hales, P.C.*
Bryan S. Hales, P.C. (IL Bar No. 6243060)
bhales@kirkland.com
Ann Marie T. Wahls (IL Bar No. 6275778)
awahls@kirkland.com
Ian J. Block (IL Bar No. 6299117)
ian.block@kirkland.com
Jay J. Emerick (IL Bar No. 6312746)
jay.emerick@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Plaintiffs / Counterclaim-Defendants Dyson, Inc. and Dyson Technology Limited*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of April, 2014, the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

                                              */s/ Bryan S. Hales, P.C.*