UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC. and <br> DYSON TECHNOLOGY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> SHARKNINJA OPERATING LLC and <br> SHARKNINJA SALES COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-779 <br> ) <br> ) Judge John W. Darrah <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dyson, Inc. and Dyson Technology Limited filed a Second Amended Complaint against Defendants SharkNinja Operating LLC and SharkNinja Sales Company[1] (collectively, the "Defendants"), alleging three counts of design infringement associated with United States Design Patents No. D577,163 (the "'163 Patent"), No. D668,010 (the "'010 Patent"), and No. 668,823 (the "'823 Patent"). Defendants filed a Motion for Summary Judgment of Noninfringement [65]. For the reasons set forth below, that Motion is denied.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule

---

[1] At the start of this litigation, Defendants were named Euro-Pro Operating LLC and Euro-Pro Sales Company but changed their names to the present designations.

56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *see also Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.[2]

Plaintiff Dyson, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. (Def's SOF ¶ 1.) Plaintiff Dyson Technology Limited is a private limited company organized and existing under the laws of England and Wales with its principal place of

---

[2] Defendants ask the Court to disregard several of Plaintiffs' responses to their statements of fact and several of Plaintiffs' Local Rule 56.1(B)(3)(C) additional facts. To the extent that any of the responses or additional facts do not conform with Local Rule 56.1, they will not be considered.

business in Malmesbury, United Kingdom.  (*Id.* ¶ 2.)  Dyson sells a number of different handheld vacuum cleaner products in the United States.  (*Id.* ¶ 3.)  Defendant SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business located in Newton, Massachusetts.  (*Id.* ¶ 6.)  Defendant SharkNinja Sales Company is also a limited liability company organized under the laws of Delaware with its principal place of business located in Newton, Massachusetts.  (*Id.* ¶ 7.)  SharkNinja sells vacuum cleaners under the "Shark Rocket" brand.  (*Id.* ¶ 8.)

On May 12, 2014 Dyson filed an Amended Complaint, asserting three counts of infringement of the '163, '010, and '823 Patents.  (*Id.* ¶ 11.)  The '163 Patent, titled "Cleaning Appliance," was filed on January 18, 2007, and issued on September 16, 2008, and claims the ornamental design for a cleaning appliance.  (*Id.* ¶ 14.)



(Amend. Compl. Ex. A.)  The '010 Patent, titled "Vacuum Cleaner," was filed on February 8, 2011, and issued on September 25, 2012, and claims the ornamental design for a vacuum cleaner.  (Def. SOF ¶ 16.)



(Amend. Compl. Exh. B.) The '823 Patent, titled "Vacuum Cleaner," was filed on February 4, 2011, and issued on October 9, 2012, and claims the ornamental design for a vacuum cleaner. (Def. SOF ¶ 19.)



(Amend. Compl. Exh. C)

4

Dyson accuses three Shark Rocket vacuum series of infringement: the HV300 series, the HV310 series, and the HV320 series. (Def. SOF ¶ 9.) Products within those series share the same essential design features, and differ only in accent colors or accessory packages. (*Id.*) SharkNinja began selling the HV300 product in the fall of 2013. (*Id.* ¶ 35). The HV310 and the HV321 were first sold publicly in the fall of 2014. (*Id.* ¶ 45, 50.)

## LEGAL STANDARD

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

**ANALYSIS**

"A design patent is infringed if an ordinary observer would have been deceived: 'if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.'" *Apple Inc. v. Samsung Electronics Co.*, 786 F.3d 983, 999 (Fed. Cir. 2015) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1872)). In evaluating infringement, deception "arises [a]s a result of the similarities in the overall design, not of similarities in ornamental features in isolation." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) (quoting *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006)).

The overall design comparison takes into account "significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir.2009). However, the accused and the patented designs do not have to be identical in order to find patent infringement. *See Oddzon Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Similarities, as well as differences, in the design are relevant in determining whether an ordinary observer would be deceived. *See Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1117 (Fed. Cir. 1998).

Defendants argue that summary judgment of noninfringement is proper because the claimed designs are plainly dissimilar to the accused products. Summary judgment can be granted when the patented design is plainly dissimilar from the accused design. *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1012 (N.D. Ill. 2010) aff'd, 412 F. App'x 304 (Fed. Cir. 2011) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed.

Cir. 2008) (en banc)). "When the patented design and the accused design are plainly dissimilar . . . there is no need to look to the prior art." *Id.* In this case, the patented designs are not plainly dissimilar to the accused products. While there are some differences in design, the accused and the patented designs do not have to be identical in order to find patent infringement; and the overall design of the accused products is not plainly dissimilar to the patented design. Therefore, the prior art must be taken into account. *See Egyptian Goddess*, 543 F.3d at 678 ("when the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art").

The parties disagree as to the role of prior art in the infringement analysis. The Federal Circuit has specifically endorsed, "a test that asks how *an ordinary observer with knowledge of the prior art designs* would view the differences between the claimed and accused designs." *Egyptian Goddess*, 543 F.3d at 677. For an infringement analysis, the asserted design must be compared against the prior art: "[i]f the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design, and thus infringing." *Apple Inc.*, 786 F.3d at 999 (quoting *Egyptian Goddess*, 543 F.3d at 678). The similarities of departures from the previous art are not a test announced by the Federal Circuit, as suggested by Plaintiffs; it is simply an observation. "The ordinary observer . . . will likely attach importance to [differences from the prior art] depending on the overall effect of those differences on the design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 681).

Defendants also argue that there is no design patent infringement when functional elements are discounted. In general, "a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n. 10 (1982). To be considered functional, a product feature needs to have some utilitarian advantage; taken as a whole, a trade dress is functional if it is in a particular shape because it works better in that shape. *Apple*, 786 F.3d at 991. Functional elements are "elements that are driven purely by utility." *Richardson.*, 597 F.3d at 1294. However, in *Apple*, the Federal Circuit rejected Samsung's argument that functional elements should be entirely eliminated from the claim scope. *Apple*, 786 F.3d at 998 (rejecting Samsung's argument that functional elements should be "ignored" in their entirety from the design patent claim scope). In evaluating infringement, the fact-finder determines whether deception "arises [a]s a result of the similarities in the *overall design*, not of similarities in ornamental features in isolation." *Richardson*, 597 F.3d at 1295 (emphasis added). The parties disagree as to what aspects of the design are actually functional. Whether certain aspects of the design are functional is a question of material fact for the jury.

Because the accused product and the patent designs are not plainly dissimilar, the prior art must be considered. Whether the designs are substantially similar in overall design such that an ordinary observer would find them deceptively similar, and the determination of what aspects of the design are functional, are questions of material fact for the jury.

*Motions to Strike*

Plaintiffs filed a Motion to Strike the Declaration of Alan Ball [81], which was denied; but the substance of the motion was considered for this ruling. Defendants filed a Motion to

Strike the Declaration of Charles Mauro [93]; that motion is similarly denied, with the substance of the motion considered for this ruling. These issues may be raised again in motions *in limine*.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment of Noninfringement [65] is denied.

Date:     September 2, 2015                                      
JOHN W. DARRAH
United States District Court Judge

# Appendix A



**'163 Patent**



**HV300**

**HV310**



**HV321**

**Appendix B**



FIG. 1

'010 Patent



HV 300



HV 310



HV 321

12

**Appendix C**



'823 Patent



HV 300



HV 310



HV 321

13