UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DYSON, INC. and )
DYSON TECHNOLOGY LIMITED, )
 )
      Plaintiffs, ) Case No. 14-cv-779
  v. )
 ) Judge John W. Darrah
SHARKNINJA OPERATING LLC and )
SHARKNINJA SALES COMPANY, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

On September 2, 2015, SharkNinja Operating LLC and SharkNinja Sales Company's (collectively, the "Defendants") motion for summary judgment of noninfringement was denied. Defendants filed a Motion for Reconsideration [127] of the summary judgment ruling. For the reasons stated below, Defendants' Motion [127] is denied.

## BACKGROUND

Plaintiffs filed a Complaint against Defendants, alleging that certain of Defendants' products violated Plaintiffs' design patents. Defendants filed a Motion for Summary Judgment of Noninfringement. The ruling on that motion held that the accused products and the patent designs were not plainly dissimilar. Whether the accused products and design patents are substantially similar such that an ordinary observer would be deceived, and the determination of what aspects of the design are functional, are questions of material fact for the jury. Defendants filed a motion to reconsider. Specifically, Defendants argue that the determination of whether the aspects of claimed design are functional or ornamental is a legal question, not a factual question for the jury.

**LEGAL STANDARD**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). A motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation and citation omitted). Manifest error "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). A motion to reconsider may also be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. These issues "rarely arise and the motion to reconsider should be equally rare." *Id*. "Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012).

**ANALYSIS**

Defendants' Motion for Summary Judgment of Noninfringement was denied because Defendants failed to show that the accused products and the patent designs are plainly dissimilar. Defendants argue that the ruling should be reconsidered because the Memorandum Opinion and Order incorrectly stated that the jury should make a determination of what aspects of the design patent are functional.

While "courts have a duty to conduct claim construction in design patent cases, as in utility patent cases . . . the [Federal Circuit] has not prescribed any particular form that the claim construction must take." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008). "To the contrary, the court has recognized that design patents 'typically are claimed as shown in drawings,' and that claim construction 'is adapted accordingly.'" *Id.* (quoting *Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007)). A trial court may guide the finder of fact by, *inter alia*, "distinguishing between those features of the claimed design that are ornamental and those that are purely functional." *Id.* "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

The previous ruling on summary judgment was incorrect in that functionality is not a question for the jury. It is the court's duty to distinguish "between those features of the claimed design that are ornamental and those that are purely functional" and remove those aspects from the claimed design to aid the trier of fact. *Egyptian Goddess*, 543 F.3d at 679. However, the Court persists in the denial of summary judgment, as the undisputed facts did not show that the designs were plainly dissimilar. Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To the extent that Defendants are arguing that, when the claimed designs are properly construed to have narrow ornamental scope, the accused products are plainly dissimilar, *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1334 (Fed. Cir. 2015), is unhelpful. In

3

*Ethicon*, the district court granted summary judgment of noninfringement after performing a claim construction hearing. There has been no claim construction in this case, and the parties disagree about what aspects of the design are functional and to what extent.[1] These factual disputes could not be properly resolved in Defendants' motion for summary judgment.

The previous ruling on summary judgment was incorrect in that functionality is not a question for the jury. However, Defendants have not shown a manifest error of law or presented newly discovered evidence that requires a change in the summary judgment ruling.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Reconsideration [127] is denied.

Date:  November 17, 2015

JOHN W. DARRAH
United States District Court Judge

---

[1] Plaintiffs argue that any request for claim construction is untimely. According to local patent rules, exchange of proposed claim terms to be construed along with proposed constructions must occur "[w]ithin fourteen (14) days after service of the Final Contentions pursuant to LPR 3.2." N.D. Ill. LPR 4.1. During that time, "each party shall serve a list of the claim terms and phrases the party contends the Court should construe." *Id*. Defendants did not respond to this argument.