IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DYSON, INC. and<br>DYSON TECHNOLOGY LIMITED,<br><br>    *Plaintiffs, Counterclaim-*<br>    *Defendants*<br><br>   v.<br><br>SHARKNINJA OPERATING LLC and<br>SHARKNINJA SALES COMPANY,<br><br>    *Defendants, Counterclaim-*<br>    *Plaintiffs.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:14-cv-00779<br><br>Judge John W. Darrah<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] SHARKNINJA'S MOTION FOR LETTERS OF REQUEST
FOR THE DEPOSITIONS OF CERTAIN INDIVIDUALS
IN THE UNITED KINGDOM, SINGAPORE, AND DENMARK**

Defendants SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") hereby move for issuance of three Letters of Request to be submitted to the Competent Authorities of the United Kingdom, Singapore, and Denmark, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. Proposed Letters of Request are attached hereto as Exhibits 1-3.

One or more of the patents-in-suit[1] list as named inventors three former Dyson employees who reside in the United Kingdom (Mr. William Robert James White), Singapore (Mr. Michael James Peace), and Denmark (Mr. Richard Morgan Hickmott). Upon information and belief, Messrs. White, Peace, and Hickmott are subject to the laws of those respective jurisdictions.

Messrs. White, Peace, and Hickmott have information highly relevant to the issues in this case. For example, Dyson has produced a number of design notebooks and other documents that

---

[1] The patents-in-suit are U.S. Design Patent Nos. D577,163 ("'163 patent"), D668,010 ("'010 patent"), and D668,823 ("'823 patent").

were written by, addressed to, or otherwise name or involve these named inventors. Moreover, Dyson has alleged dates of the inventions of the claimed designs of the patents-in-suit based, in part, on the purported activities of Messrs. White, Peace, and Hickmott during time periods prior to the filing of the applications of the patents-in-suit.

Because these persons have knowledge highly relevant to the patents-in-suit and their alleged inventorship (among other issues), SharkNinja asks the Court to submit the attached Letters of Request for international judicial assistance pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

Dated: July __, 2016                        Respectfully submitted,

                                     /s/_____

David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

*Attorneys for Defendants SharkNinja Operating, LLC and SharkNinja Sales Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July __, 2016, the foregoing document was filed electronically through the Court's Electronic Case Filing System.  Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.


/s/ _____
*An attorney for Defendants SharkNinja Operating,*
*LLC and SharkNinja Sales Company*

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC. and<br>DYSON TECHNOLOGY LIMITED,<br><br>     *Plaintiffs, Counterclaim-*<br>     *Defendants*<br><br>    v.<br><br>SHARKNINJA OPERATING LLC and<br>SHARKNINJA SALES COMPANY,<br><br>     *Defendants, Counterclaim-*<br>     *Plaintiffs*. | Case No. 1:14-cv-00779<br><br>Judge John W. Darrah<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS TO THE CENTRAL AUTHORITY OF THE UNITED KINGDOM**

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

1. Sender:

Judge John W. Darrah
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
Chambers 1288
219 South Dearborn Street
Chicago, Illinois 60604

2. Central Authority of the
Requested State:

The Senior Master
For the attention of the Foreign Process Section
Room E16
Royal Courts of Justice
Strand
LONDON WC2A 2LL

Telephone:    +44 207 947 6691 / 7786 / 6488 / 6327 / 1741

Fax:    +44 870 324 0025

E-mail:    foreignprocess.rcj@hmcts.gsi.gov.uk

| 3. Person to Whom the Executed Request is to Be Returned | John C. Evans<br>jcevans@jonesday.com<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: (216) 586-3939 |
|---|---|
| 4. Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request | This Court respectfully requests that the examination of William Robert James White commence on a date as soon as practicable, but no later than November 4, 2016. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| 5. a. Requesting Judicial Authority: | Judge John W. Darrah<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen United States Courthouse<br>Chambers 1288<br>219 South Dearborn Street<br>Chicago, Illinois 60604 |
|---|---|
| b. To the Competent Authority Of: | The United Kingdom, England |
| c. Name of the Case and Identifying Number | *Dyson, Inc. and Dyson Technology, Limited* (Plaintiffs) *v. SharkNinja Operating LLC and SharkNinja Sales Company* (Defendants), Case No. 1:14-cv-00779, United States District Court for the Northern District of Illinois |
| 6. Names and Addresses of the Parties and their Representatives: | |
| a. Plaintiffs: | Dyson, Inc. and Dyson Technology, Limited |
| Representatives: | Bryan S. Hales, P.C.<br>bhales@kirkland.com<br>Dennis J. Abdelnour<br>dabdelnour@kirkland.com<br>Ian J. Block<br>ian.block@kirkland.com<br>Jay J. Emerick |

jay.emerick@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

b. Defendants:   SharkNinja Operating LLC and SharkNinja Sales Company

Representatives:   David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
Patrick J. O'Rear
porear@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

c. Other Parties                    None.

Representatives                     None.

7.      Nature and Purpose of the Proceedings and Summary of the Facts.

        This Letter of Request arises from a design patent infringement civil action (the "Lawsuit") currently pending before the Requesting Judicial Authority.  Set out in Exhibit 1 is a detailed summary of the nature and purpose of the proceedings and a summary of the facts.

8.      Evidence to be Obtained or other Judicial Act to be Performed.

        The Requesting Judicial Authority seeks oral evidence or testimony to be given by William Robert James White on the subject matter or topics set out in Exhibit 2.

9.      Identity and Address of Any Person to be Examined.

        SharkNinja identifies the best known address at this time, as follows:

        William Robert James White

        Tredern, West End
        Pernyn, Cornwall
        United Kingdom, TR10-8HE


10.     Questions to be Put to the Persons to be Examined or Statement of the Subject Matter about which They are to be Examined.

        The Requesting Judicial Authority requests that an attorney for the Defendants be permitted to examine Mr. White regarding the subject matter or topics set out in Exhibit 2.

11.     Documents or Other Property to be Inspected

        Documentary evidence is not required at this time, but may be sought at a later time after examination of Mr. White.

12.     Any requirement that the Evidence be on Oath or Affirmation and Any Special Form to be Used.

        This Court respectfully requests that the examination of Mr. White be taken under oath before a person authorized to administer oaths in the United Kingdom or as provided by local law on the formal taking of evidence.  This Court further requests that you require the testimony given during the examination to be given under the following oath: "I, William Robert James White, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth."

13.    Special Methods or Procedures to be Followed.

This Court respectfully requests that the examination be taken under the United States Federal Rules of Civil Procedure and the United States Federal Rules of Evidence, except to the extent that such procedure is incompatible with local law.

This Court further requests that the examination occur at a date and time mutually agreed upon by Mr. White and the parties. It is also requested that the attorneys for the parties be permitted to examine the witness directly; that all testimony be recorded verbatim in writing and on videotape; and that all transcripts of such testimony be authenticated in accordance with the procedures for the local court and be permitted to be delivered to the parties at the conclusion of the proceedings for eventual use at trial.

14.    Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of any Person to be Notified.

This Court respectfully requests that the following be notified of the time and place for the execution of the Request:

Judge John W. Darrah
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
Chambers 1288
219 South Dearborn Street
Chicago, Illinois 60604

Please also notify the party representatives identified as follows:

David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
Patrick J. O'Rear
porear@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

Bryan S. Hales, P.C.
bhales@kirkland.com
Dennis J. Abdelnour
dabdelnour@kirkland.com
Ian J. Block
ian.block@kirkland.com
Jay J. Emerick
jay.emerick@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

Telephone: (202) 879-5000
Facsimile: (202) 879-5200

15.     Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request.

None.

16.     Specification of Privilege or Duty to Give Evidence under the Law of the State of Origin.

Under the laws of the United States, Mr. White may refuse to give any evidence which calls for the disclosure of any confidential communications between Mr. White and his counsel wherein such communications are made in the course of a request for legal advice. This privilege is known as the attorney-client privilege.

In addition, if Mr. White performed work at the direction of his counsel for the purposes of assisting such counsel in anticipation of litigation or the furtherance of litigation, he may refuse to answer questions concerning such reviews, unless: (1) the answers do not involve the mental impressions of such counsel; and (2) the examining party can show a substantial need for the evidence and an inability to obtain the substantive equivalent of the evidence by other means without undue hardship. This privilege is known as the work-product doctrine.

If testimony or production of documents is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of the testimony or production of documents.

Unless prohibited by the procedures and laws of the United Kingdom, any dispute regarding the application of the attorney-client privilege or work-product privilege may be referred to the United States District Court for the Northern District of Illinois by telephone conference at the time the dispute arises.

17.     Fees and Costs

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the Defendants up to a total of $500.00.

Beyond $500.00, fees and costs which are reimbursable under the Convention will be borne by the Defendants with prior consent of the Defendants. When seeking this consent, the Witness shall indicate the approximate costs which would result from this procedure. If the Defendants give consent, they shall reimburse any costs incurred; without such consent, the Defendants shall not be liable for the costs.

Witnessed by The Honorable Judge John W. Darrah

Signed:

Hon. John W. Darrah
District Judge, Northern District of Illinois

Dated:


I, Thomas G. Bruton, Clerk of this United States District Court, keeper of the records and seal, certify that the Honorable John W. Darrah is and was on this very day noted a Judicial Officer of the Court, duly appointed, sworn, and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be that of the Judicial Officer.

Signed:

Thomas G. Bruton
Clerk of the United States District Court for the Northern District of Illinois

Dated:


I, Judge John W. Darrah, a Judicial Officer of this Court, certify that Thomas G. Bruton, the above-named, is and was on the date noted, the Clerk of this Court, duly appointed and sworn and keeper of the records and seals.

Witnessed by The Honorable Judge John W. Darrah

Signed:

Hon. John W. Darrah
District Judge, Northern District of Illinois

Dated:

# EXHIBIT 1

### NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

This is a design patent infringement action currently pending before the United States District Court for the Northern District of Illinois (the "Court"), captioned as *Dyson, Inc. et al. v. SharkNinja Operating LLC et al.*, No. 14-cv-779 (the "Lawsuit"). The plaintiffs in this Lawsuit are Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson" or "Plaintiffs"). Plaintiff Dyson, Inc. is an American corporation established under the laws of the state of Illinois. Plaintiff Dyson Technology Limited is a private limited company established under the laws of England and Wales. The defendants in this Lawsuit are SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Defendants"). Defendants are American corporations established under the laws of the state of Delaware.

In the Lawsuit, Dyson alleges that SharkNinja infringes the claimed designs of three United States design patents: U.S. Design Patent Nos. D577,163 ("'163 patent"), D668,010 ("'010 patent"), and D668,823 ("'823 patent") (collectively, the "patents-in-suit"). SharkNinja denies all allegations and further avers that the claimed designs of the patents-in-suit are invalid. On February 4, 2014, Dyson filed an original complaint against SharkNinja, alleging infringement of the '010 and '823 patents. On March 28, 2014, SharkNinja filed its initial answer, affirmative defenses, and counterclaims. On May 12, 2014, Dyson filed an amended complaint against SharkNinja, alleging infringement of the '163, '010, and '823 patents. On May 23, 2014, SharkNinja filed its answer to Dyson's amended complaint, affirmative defenses, and counterclaims.

The patents-in-suit name the following individuals as inventors: Peter David Gammack, James Dyson, Michael James Peace, William Robert James White, William Frame Milne, and Richard Morgan Hickmott. In connection with discovery in the Lawsuit, Dyson has produced a number of documents to SharkNinja, some of which appear to be Dyson internal notebooks, communications, or other correspondence either from, to, or otherwise mentioning the named inventor whose testimony SharkNinja presently seeks. Dyson also has alleged dates of invention of the patents-in-suit that pre-date the respective filing dates of the applications that led to the patents-in-suit, based in part on the activities of one or more of the named inventors.

### THE WITNESS

Mr. White is a named inventor of the '163 patent. Moreover, Dyson has confirmed that Mr. White is relevant to the Lawsuit. In Dyson's Fed. R. Civ. P. 26(a)(1) Second Amended Disclosures, Dyson identified Mr. White as a person likely to have discoverable information that Dyson may use to support its claims and/or defenses. In particular, Dyson represented that Mr. White formerly was Head of NPI at Dyson Technology Limited, and that he is expected to be generally knowledgeable about the conception and development of the designs described in the '163 patent, as well as the designs utilized in Dyson's handheld vacuum cleaners. Dyson also has produced substantial volumes of documents relating to the conception, reduction to practice, and development of the claimed designs of all three patents-in-suit that were either authored or received by Mr. White, or otherwise mention him. Accordingly, the discovery

provided by Dyson to SharkNinja in the Lawsuit is consistent with Mr. White's key role at Dyson and his personal involvement in key events relating to Dyson's claims of design patent infringement. Given Mr. White's key role at Dyson and his personal involvement in such events, SharkNinja therefore seeks to examine him on the topics listed below, including documents and communications that relate thereto.

## EXHIBIT 2

### TESTIMONY SOUGHT FROM THE WITNESS

In interpreting the requests below, the following definitions should apply:

1. As used herein, the term "Dyson" shall mean and include Dyson, Inc. and Dyson Technology Limited and all predecessors (merged, acquired, or otherwise), subsidiaries, parents, joint ventures, and affiliates thereof, and all current and former directors, officers, agents, employees, attorneys, and other persons acting on its behalf.

2. As used herein, the term "Claimed Designs" shall mean and include the designs claimed in the patents-in-suit.

Topics for examination:

1. Matters relating to the patents-in-suit, namely:

   a. The circumstances surrounding the conception, reduction to practice, design, and development of the Claimed Designs;

   b. The role(s) played by Mr. White and the other named inventors, Peter David Gammack, James Dyson, Michael James Peace, William Frame Milne, and Richard Morgan Hickmott, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

   c. The role(s) played by any person other than a named inventor, including but not limited to Timothy Nicholas Stickney, Stephen Courtney, and Jon Marsh, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

   d. Knowledge and understanding of the state of the art of the fields of handheld and stick vacuum cleaner design as of the alleged dates of conception of the Claimed Designs, including:

      i. the ways in which the Claimed Designs advanced the art in the fields of handheld and stick vacuum cleaner design; and

      ii. Mr. White's understanding of the meaning and disclosure made in articles, publications, presentations, or papers related to the fields of handheld and stick vacuum cleaner design.

    e.   Prosecution of the patents-in-suit.

2.  Matters relating to Dyson, namely:

    a.   Descriptions of Mr. White's work performed, job duties and responsibilities, and titles held while employed at Dyson;

    b.   The terms of any employment agreements between Dyson and Mr. White; and

    c.   Dyson's designs for vacuum cleaners and components thereof, including but not limited to Dyson's hand vacuum cleaner designs and stick vacuum cleaner designs.

3.  Matters relating to this Lawsuit, namely:

    a.   Mr. White's knowledge of the factual basis for Dyson's accusations of infringement against SharkNinja;

    b.   The interest Mr. White has in this Lawsuit, if any;

    c.   Discussions between Mr. White and Dyson about the Lawsuit, and any evidence Mr. White may be able to give in the Lawsuit about those discussions; and

    d.   Discussions between Mr. White and Dyson, or any other person, regarding this Lawsuit, and any evidence Mr. White may be able to give about those discussions.

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DYSON, INC. and | ) | |
| DYSON TECHNOLOGY LIMITED, | ) | |
| | ) | |
| *Plaintiffs, Counterclaim-* | ) | |
| *Defendants* | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00779 |
| | ) | |
| | ) | Judge John W. Darrah |
| SHARKNINJA OPERATING LLC and | ) | |
| SHARKNINJA SALES COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants, Counterclaim-* | ) | |
| *Plaintiffs*. | ) | |

**[PROPOSED] U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS TO THE CENTRAL AUTHORITY OF SINGAPORE**

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF
18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

| | |
|---|---|
| 1. Sender: | Judge John W. Darrah |
| | United States District Court for the Northern District of Illinois |
| | Everett McKinley Dirksen United States Courthouse |
| | Chambers 1288 |
| | 219 South Dearborn Street |
| | Chicago, Illinois 60604 |
| | |
| 2. Central Authority of the Requested State: | Supreme Court of Singapore |
| | 1 Supreme Court Lane |
| | Singapore 178879 |
| | |
| | Telephone:    (+65) 6332-3912 |
| | |
| | Fax:    (+65) 6337-9450 |
| | |
| | E-mail:    supcourt_qsm@supcourt.gov.sg |
| | |
| 3. a. Person to Whom the Executed Request is to Be | John C. Evans |
| | jcevans@jonesday.com |

| Returned | JONES DAY |
|---|---|
| | 901 Lakeside Avenue |
| | Cleveland, OH 44114 |
| | Telephone: (216) 586-3939 |

| b. Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request | This Court respectfully requests that the examination of Michael James Peace commence on a date as soon as practicable, but no later than November 4, 2016. |
|---|---|

4. In Conformity with Article 3 of the Convention, the Undersigned Applicant has the Honor to Submit the Following Request:

| a. Requesting Judicial Authority: | Judge John W. Darrah |
|---|---|
| | United States District Court for the Northern District of Illinois |
| | Everett McKinley Dirksen United States Courthouse |
| | Chambers 1288 |
| | 219 South Dearborn Street |
| | Chicago, Illinois 60604 |

| b. To the Competent Authority Of: | Singapore |
|---|---|

| c. Party Making Application on Behalf of Requesting Judicial Authority | WONG TAN & MOLLY LIM LLC |
|---|---|
| | 80 Robinson Road #17-02 |
| | Singapore 068898 |

| d. Name of the Case and Identifying Number | *Dyson, Inc. and Dyson Technology, Limited* (Plaintiffs) *v. SharkNinja Operating LLC and SharkNinja Sales Company* (Defendants), Case No. 1:14-cv-00779, United States District Court for the Northern District of Illinois |
|---|---|

5. Names and Addresses of the Parties and their Representatives:

| a. Plaintiffs: | Dyson, Inc. and Dyson Technology, Limited |
|---|---|

| Counsel for Plaintiffs: | Bryan S. Hales, P.C. |
|---|---|
| | bhales@kirkland.com |
| | Dennis J. Abdelnour |
| | dabdelnour@kirkland.com |
| | Ian J. Block |
| | ian.block@kirkland.com |
| | Jay J. Emerick |
| | jay.emerick@kirkland.com |

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

| | |
|---|---|
| b. Defendants: | SharkNinja Operating LLC and SharkNinja Sales Company |
| Counsel for Defendants: | David L. Witcoff |
| | dlwitcoff@jonesday.com |
| | Justin M. Philpott |
| | jmphilpott@jonesday.com |
| | Patrick J. O'Rear |
| | porear@jonesday.com |
| | JONES DAY |
| | 77 West Wacker Drive |
| | Chicago IL 60601-1692 |
| | Telephone: (312) 782-3939 |
| | |
| | John G. Froemming |
| | jgfroemming@jonesday.com |
| | Tracy A. Stitt |
| | tastitt@jonesday.com |
| | JONES DAY |
| | 51 Louisiana Avenue, NW |
| | Washington, DC 20001 |
| | Telephone: (202) 872-3939 |
| | |
| | John C. Evans |
| | jcevans@jonesday.com |
| | JONES DAY |
| | 901 Lakeside Avenue |
| | Cleveland, OH 44114 |
| | Telephone: (216) 586-3939 |
| Associate Counsel for Defendants: | Ling Daw Hoang Philip |
| | pling@wtl.com.sg |
| | Ho Wei Li |

wlho@wtl.com.sg
WONG TAN & MOLLY LIM LLC
80 Robinson Road #17-02
Singapore 068898

6.      Nature and purpose of the proceedings and summary of the facts.

This Letter of Request arises from a design patent infringement civil action (the "Lawsuit") currently pending before the Requesting Judicial Authority.  Set out in Exhibit 1 is a detailed summary of the nature and purpose of the proceedings and a summary of the facts.

7.      Evidence to be obtained or other judicial act to be performed.

The Requesting Judicial Authority seeks oral evidence or testimony to be given by Mr. Peace on the subject matter or topics set out in Exhibit 1.

8.      Identity and address of any person to be examined or whose records are sought.

SharkNinja identifies the best known address at this time, as follows:

Michael James Peace

76A Redhill Road
#11-06
Singapore
151076

9.      Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined.

The Requesting Judicial Authority requests that:

a. an attorney for the Defendants be permitted to examine Mr. Peace regarding the subject matter or topics set out in Exhibit 1 in the presence of an attorney for the Plaintiffs;

b. an attorney for the Plaintiffs be permitted to examine Mr. Peace regarding matters raised in the initial examination in the presence of an attorney for the Defendants thereafter; and

c. an attorney for the Defendants then be permitted to re-examine Mr. Peace regarding the questions raised by the attorney for the Plaintiffs in the presence of an attorney for the Plaintiffs thereafter.

For the avoidance of doubt, the examinations requested above include the use of leading questions by the attorney representing the Defendants.  However, the attorney for the Plaintiffs will not be permitted to ask leading questions.

10.     Documents or other property to be inspected

Documentary evidence is not required at this time, but may be sought at a later time after the examination of Mr. Peace.

11.     Any requirement that the evidence be on oath or affirmation and any special form to be used.

This Court respectfully requests that the examination of Mr. Peace be taken under oath before an Assistant Registrar of the Supreme Court of Singapore. This Court further requests that you require the testimony given during the examination to be given under the following oath: "I, Michael James Peace, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth."

12.     Special methods or procedures to be followed.

This Court respectfully requests that the examination be taken under the United States Federal Rules of Civil Procedure and the United States Federal Rules of Evidence, except to the extent that such procedure is incompatible with local law.

This Court further requests that the examination occur at a date and time mutually agreed upon by Mr. Peace and the parties. It is also requested that the attorneys for the parties be permitted to examine the witness directly; that all testimony be recorded verbatim in writing and on videotape; and that all transcripts of such testimony be authenticated in accordance with the procedures of the Supreme Court of Singapore and be permitted to be delivered to the parties at the conclusion of the proceedings for eventual use at trial.

13.     Request for notification of the time and place for the Execution of the Request and identity and address of any person to be notified.

This Court respectfully requests that the following be notified of the time and place for the execution of the Request:

Judge John W. Darrah
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
Chambers 1288
219 South Dearborn Street
Chicago, Illinois 60604

Please also notify the party representatives identified as follows:

| | |
|---|---|
| David L. Witcoff | Bryan S. Hales, P.C. |
| dlwitcoff@jonesday.com | bhales@kirkland.com |
| Justin M. Philpott | Dennis J. Abdelnour |
| jmphilpott@jonesday.com | dabdelnour@kirkland.com |
| Patrick J. O'Rear | Ian J. Block |
| porear@jonesday.com | ian.block@kirkland.com |
| JONES DAY | Jay J. Emerick |
| 77 West Wacker Drive | jay.emerick@kirkland.com |

Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

14.     Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request.

        None.

15.     Specification of privilege or duty to give evidence under the law of the State of origin.

        Under the laws of the United States, Mr. Peace may refuse to give any evidence which calls for the disclosure of any confidential communications between Mr. Peace and his counsel wherein such communications are made in the course of a request for legal advice.  This privilege is known as the attorney-client privilege.

        In addition, if Mr. Peace performed work at the direction of his counsel for the purposes of assisting such counsel in anticipation of litigation or the furtherance of litigation, he may refuse to answer questions concerning such reviews, unless: (1) the answers do not involve the mental impressions of such counsel; and (2) the examining party can show a substantial need for the evidence and an inability to obtain the substantive equivalent of the evidence by other means without undue hardship.  This privilege is known as the work-product doctrine.

        If testimony or production of documents is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of the testimony or production of documents.

        Unless prohibited by the procedures and laws of Singapore, any dispute regarding the application of the attorney-client privilege or work-product privilege may be referred to the United States District Court for the Northern District of Illinois by telephone conference at the time the dispute arises.

16.    Fees and costs

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the Defendants to the extent those fees and costs are reasonable.

Witnessed by The Honorable Judge John W. Darrah

    Signed:

    Hon. John W. Darrah
    District Judge, Northern District of Illinois

    Dated:


I, Thomas G. Bruton, Clerk of this United States District Court, keeper of the records and seal, certify that the Honorable John W. Darrah is and was on this very day noted a Judicial Officer of the Court, duly appointed, sworn, and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be that of the Judicial Officer.

    Signed:

    Thomas G. Bruton
    Clerk of the United States District Court for the Northern District of Illinois

    Dated:


I, Judge John W. Darrah, a Judicial Officer of this Court, certify that Thomas G. Bruton, the above-named, is and was on the date noted, the Clerk of this Court, duly appointed and sworn and keeper of the records and seals.

Witnessed by The Honorable Judge John W. Darrah

    Signed:

    Hon. John W. Darrah
    District Judge, Northern District of Illinois

    Dated:

# EXHIBIT 1

**NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS**

This is a design patent infringement action currently pending before the United States District Court for the Northern District of Illinois (the "Court"), captioned as *Dyson, Inc. et al. v. SharkNinja Operating LLC et al.*, No. 14-cv-779 (the "Lawsuit"). The plaintiffs in this Lawsuit are Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson" or "Plaintiffs"). Plaintiff Dyson, Inc. is an American corporation established under the laws of the state of Illinois. Plaintiff Dyson Technology Limited is a private limited company established under the laws of England and Wales. The defendants in this Lawsuit are SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Defendants"). Defendants are American corporations established under the laws of the state of Delaware.

In the Lawsuit, Dyson alleges that SharkNinja infringes the claimed designs of three United States design patents: U.S. Design Patent Nos. D577,163 ("'163 patent"), D668,010 ("'010 patent"), and D668,823 ("'823 patent") (collectively, the "patents-in-suit"). SharkNinja denies all allegations and further avers that the claimed designs of the patents-in-suit are invalid. On February 4, 2014, Dyson filed an original complaint against SharkNinja, alleging infringement of the '010 and '823 patents. On March 28, 2014, SharkNinja filed its initial answer, affirmative defenses, and counterclaims. On May 12, 2014, Dyson filed an amended complaint against SharkNinja, alleging infringement of the '163, '010, and '823 patents. On May 23, 2014, SharkNinja filed its answer to Dyson's amended complaint, affirmative defenses, and counterclaims.

The patents-in-suit name the following individuals as inventors: Peter David Gammack, James Dyson, Michael James Peace, William Robert James White, William Frame Milne, and Richard Morgan Hickmott. In connection with discovery in the Lawsuit, Dyson has produced a number of documents to SharkNinja, some of which appear to be Dyson internal notebooks, communications, or other correspondence either from, to, or otherwise mentioning the named inventor whose testimony SharkNinja presently seeks. Dyson also has alleged dates of invention of the patents-in-suit that pre-date the respective filing dates of the applications that led to the patents-in-suit, based in part on the activities of one or more of the named inventors.

## THE WITNESS

Mr. Peace is a named inventor of the '163 patent. Moreover, Dyson has confirmed that Mr. Peace is relevant to the Lawsuit. In Dyson's Fed. R. Civ. P. 26(a)(1) Second Amended Disclosures, Dyson identified Mr. Peace as a person likely to have discoverable information that Dyson may use to support its claims and/or defenses. In particular, Dyson represented that Mr. Peace formerly was a Design Manager at Dyson Technology Limited, and that he is expected to be generally knowledgeable about the conception and development of the designs described in the '163 patent, as well as the designs utilized in Dyson's handheld vacuum cleaners. Dyson also has produced substantial volumes of documents relating to the conception, reduction to practice, and development of the claimed designs of all three patents-in-suit that were either authored or received by Mr. Peace, or otherwise mention him. Accordingly, the discovery

provided by Dyson to SharkNinja in the Lawsuit is consistent with Mr. Peace's key role at Dyson and his personal involvement in key events relating to Dyson's claims of design patent infringement. Given Mr. Peace's key role at Dyson and his personal involvement in such events, SharkNinja therefore seeks to examine him on the topics listed below, including documents and communications that relate thereto.

TESTIMONY SOUGHT FROM THE WITNESS

In interpreting the requests below, the following definitions should apply:

1. As used herein, the term "Dyson" shall mean and include Dyson, Inc. and Dyson Technology Limited and all predecessors (merged, acquired, or otherwise), subsidiaries, parents, joint ventures, and affiliates thereof, and all current and former directors, officers, agents, employees, attorneys, and other persons acting on its behalf.

2. As used herein, the term "Claimed Designs" shall mean and include the designs claimed in the patents-in-suit.

SharkNinja believes that Mr. Peace has knowledge of:

1. Matters relating to the patents-in-suit, namely:

   a. The circumstances surrounding the conception, reduction to practice, design, and development of the Claimed Designs;

   b. The role(s) played by Mr. Peace and the other named inventors, Peter David Gammack, James Dyson, William Robert James White, William Frame Milne, and Richard Morgan Hickmott, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

   c. The role(s) played by any person other than a named inventor, including but not limited to Timothy Nicholas Stickney, Stephen Courtney, and Jon Marsh, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

   d. Knowledge and understanding of the state of the art of the fields of handheld and stick vacuum cleaner design as of the alleged dates of conception of the Claimed Designs, including:

      i. the ways in which the Claimed Designs advanced the art in the fields of handheld and stick vacuum cleaner design; and

       ii. Mr. Peace's understanding of the meaning and disclosure made in articles, publications, presentations, or papers related to the fields of handheld and stick vacuum cleaner design.

   e. Prosecution of the patents-in-suit.

2. Matters relating to Dyson, namely:

   a. Descriptions of Mr. Peace's work performed, job duties and responsibilities, and titles held while employed at Dyson;

   b. The terms of any employment agreements between Dyson and Mr. Peace; and

   c. Dyson's designs for vacuum cleaners and components thereof, including but not limited to Dyson's hand vacuum cleaner designs and stick vacuum cleaner designs.

3. Matters relating to this Lawsuit, namely:

   a. Mr. Peace's knowledge of the factual basis for Dyson's accusations of infringement against SharkNinja;

   b. The interest Mr. Peace has in this Lawsuit, if any;

   c. Discussions between Mr. Peace and Dyson about the Lawsuit, and any evidence Mr. Peace may be able to give in the Lawsuit about those discussions; and

   d. Discussions between Mr. Peace and Dyson, or any other person, regarding this Lawsuit, and any evidence Mr. Peace may be able to give about those discussions.

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DYSON, INC. and                          )
DYSON TECHNOLOGY LIMITED,                )
                                         )
          *Plaintiffs, Counterclaim-*    )
          *Defendants*                   )
                                         )
                                         )     Case No. 1:14-cv-00779
     v.                                  )
                                         )     Judge John W. Darrah
SHARKNINJA OPERATING LLC and             )
SHARKNINJA SALES COMPANY,                )
                                         )     **JURY TRIAL DEMANDED**
          *Defendants, Counterclaim-*    )
          *Plaintiffs.*                  )

**[PROPOSED] U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS TO THE CENTRAL AUTHORITY OF DENMARK**

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF
18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS

1. Sender:              Judge John W. Darrah
                        United States District Court for the Northern District of Illinois
                        Everett McKinley Dirksen United States Courthouse
                        Chambers 1288
                        219 South Dearborn Street
                        Chicago, Illinois 60604

2. Central Authority of the    Ministry of Justice
   Requested State:            Procedural Law Division
                               Slotsholmsgade 10
                               1216 COPENHAGEN K
                               Denmark

                        Telephone:    (+45) 7226 8400

                        Fax:    (+45) 3393 3510

                        E-mail:    jm@jm.dk

| | |
|---|---|
| 3. a. Person to Whom the Executed Request is to Be Returned | John C. Evans<br>jcevans@jonesday.com<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: (216) 586-3939 |
| b. Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request | This Court respectfully requests that the examination of Richard Morgan Hickmott commence on a date as soon as practicable, but no later than November 4, 2016. |

4. In Conformity with Article 3 of the Convention, the Undersigned Applicant has the Honor to Submit the Following Request:

| | |
|---|---|
| a. Requesting Judicial Authority: | Judge John W. Darrah<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen United States Courthouse<br>Chambers 1288<br>219 South Dearborn Street<br>Chicago, Illinois 60604 |
| b. To the Competent Authority Of: | Denmark |
| c. Name of the Case and Identifying Number | *Dyson, Inc. and Dyson Technology, Limited* (Plaintiffs) *v. SharkNinja Operating LLC and SharkNinja Sales Company* (Defendants), Case No. 1:14-cv-00779, United States District Court for the Northern District of Illinois |

5. Names and Addresses of the Parties and their Representatives

| | |
|---|---|
| a. Plaintiffs: | Dyson, Inc. and Dyson Technology, Limited |
| Counsel for Plaintiffs: | Bryan S. Hales, P.C.<br>bhales@kirkland.com<br>Dennis J. Abdelnour<br>dabdelnour@kirkland.com<br>Ian J. Block<br>ian.block@kirkland.com<br>Jay J. Emerick<br>jay.emerick@kirkland.com<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle |

Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

b. Defendants:          SharkNinja Operating LLC and SharkNinja Sales Company

Counsel for Defendants:  David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
Patrick J. O'Rear
porear@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

Associate Counsel for   Asger Heine Jensen
Defendants:             ahj@horten.dk
HORTEN ADVOKATPARTNERSELSKAB
Philip Heymans Allé
DK-2900 Hellerup

Denmark
Telephone: +45 33344387

6.      Nature and purpose of the proceedings and summary of the facts.

        This Letter of Request arises from a design patent infringement civil action (the "Lawsuit") currently pending before the Requesting Judicial Authority.  Set out in Exhibit 1 is a detailed summary of the nature and purpose of the proceedings and a summary of the facts.

7.      Evidence to be obtained or other judicial act to be performed.

        The Requesting Judicial Authority seeks oral evidence or testimony to be given by Mr. Hickmott on the subject matter or topics set out in Exhibit 1.

8.      Identity and address of any person to be examined or whose records are sought.

        SharkNinja identifies the best known address at this time, as follows:

        Richard Morgan Hickmott

        Unnasvej 13

        3000 Helsingør
        Denmark

9.      Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined.

        The Requesting Judicial Authority requests that an attorney for the Defendants be permitted to examine Mr. Hickmott regarding the subject matter or topics set out in Exhibit 1.

10.     Documents or other property to be inspected

        Documentary evidence is not required at this time, but may be sought at a later time after examination of Mr. Hickmott.

11.     Any requirement that the evidence be on oath or affirmation and any special form to be used.

        This Court respectfully requests that the examination of Mr. Hickmott be taken pursuant to the Danish Administration of Justice Act.

12.     Special methods or procedures to be followed.

        This Court respectfully requests that the examination be taken under the United States Federal Rules of Civil Procedure and the United States Federal Rules of Evidence, except to the extent that such procedure is incompatible with local law.

This Court further requests that the examination occur at a date and time mutually agreed upon by Mr. Hickmott and the parties. It is also requested that the attorneys for the parties be permitted to examine the witness directly; that all testimony be recorded verbatim in writing and on videotape; and that all transcripts of such testimony be authenticated in accordance with the procedures for the local court and be permitted to be delivered to the parties at the conclusion of the proceedings for eventual use at trial.

13.     Request for notification of the time and place for the Execution of the Request and identity and address of any person to be notified.

      This Court respectfully requests that the following be notified of the time and place for the execution of the Request:

      Judge John W. Darrah
      United States District Court for the Northern District of Illinois
      Everett McKinley Dirksen United States Courthouse
      Chambers 1288
      219 South Dearborn Street
      Chicago, Illinois 60604

      Please also notify the party representatives identified as follows:

David L. Witcoff
dlwitcoff@jonesday.com
Justin M. Philpott
jmphilpott@jonesday.com
Patrick J. O'Rear
porear@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114

Bryan S. Hales, P.C.
bhales@kirkland.com
Dennis J. Abdelnour
dabdelnour@kirkland.com
Ian J. Block
ian.block@kirkland.com
Jay J. Emerick
jay.emerick@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregg F. LoCascio, P.C.
glocascio@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Telephone: (216) 586-3939

14.     Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request.

        None.

15.     Specification of privilege or duty to give evidence under the law of the State of origin.

        Under the laws of the United States, Mr. Hickmott may refuse to give any evidence which calls for the disclosure of any confidential communications between Mr. Hickmott and his counsel wherein such communications are made in the course of a request for legal advice.  This privilege is known as the attorney-client privilege.

        In addition, if Mr. Hickmott performed work at the direction of his counsel for the purposes of assisting such counsel in anticipation of litigation or the furtherance of litigation, he may refuse to answer questions concerning such reviews, unless: (1) the answers do not involve the mental impressions of such counsel; and (2) the examining party can show a substantial need for the evidence and an inability to obtain the substantive equivalent of the evidence by other means without undue hardship.  This privilege is known as the work-product doctrine.

        If testimony or production of documents is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of the testimony or production of documents.

        Unless prohibited by the procedures and laws of Denmark, any dispute regarding the application of the attorney-client privilege or work-product privilege may be referred to the United States District Court for the Northern District of Illinois by telephone conference at the time the dispute arises.

16.     Fees and costs

        The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the Defendants up to a total of $500.00.

        Beyond $500.00, fees and costs which are reimbursable under the Convention will be borne by the Defendants with prior consent of the Defendants. When seeking this consent, the Witness shall indicate the approximate costs which would result from this procedure. If the Defendants give consent, they shall reimburse any costs incurred; without such consent, the Defendants shall not be liable for the costs.

Witnessed by The Honorable Judge John W. Darrah

    Signed:

    Hon. John W. Darrah
    District Judge, Northern District of Illinois

    Dated:


I, Thomas G. Bruton, Clerk of this United States District Court, keeper of the records and seal, certify that the Honorable John W. Darrah is and was on this very day noted a Judicial Officer of the Court, duly appointed, sworn, and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be that of the Judicial Officer.

    Signed:

    Thomas G. Bruton
    Clerk of the United States District Court for the Northern District of Illinois

    Dated:


I, Judge John W. Darrah, a Judicial Officer of this Court, certify that Thomas G. Bruton, the above-named, is and was on the date noted, the Clerk of this Court, duly appointed and sworn and keeper of the records and seals.

Witnessed by The Honorable Judge John W. Darrah

    Signed:

    Hon. John W. Darrah
    District Judge, Northern District of Illinois

    Dated:

# EXHIBIT 1

### NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

This is a design patent infringement action currently pending before the United States District Court for the Northern District of Illinois (the "Court"), captioned as *Dyson, Inc. et al. v. SharkNinja Operating LLC et al.*, No. 14-cv-779 (the "Lawsuit"). The plaintiffs in this Lawsuit are Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson" or "Plaintiffs"). Plaintiff Dyson, Inc. is an American corporation established under the laws of the state of Illinois. Plaintiff Dyson Technology Limited is a private limited company established under the laws of England and Wales. The defendants in this Lawsuit are SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Defendants"). Defendants are American corporations established under the laws of the state of Delaware.

In the Lawsuit, Dyson alleges that SharkNinja infringes the claimed designs of three United States design patents: U.S. Design Patent Nos. D577,163 ("'163 patent"), D668,010 ("'010 patent"), and D668,823 ("'823 patent") (collectively, the "patents-in-suit"). SharkNinja denies all allegations and further avers that the claimed designs of the patents-in-suit are invalid. On February 4, 2014, Dyson filed an original complaint against SharkNinja, alleging infringement of the '010 and '823 patents. On March 28, 2014, SharkNinja filed its initial answer, affirmative defenses, and counterclaims. On May 12, 2014, Dyson filed an amended complaint against SharkNinja, alleging infringement of the '163, '010, and '823 patents. On May 23, 2014, SharkNinja filed its answer to Dyson's amended complaint, affirmative defenses, and counterclaims.

The patents-in-suit name the following individuals as inventors: Peter David Gammack, James Dyson, Michael James Peace, William Robert James White, William Frame Milne, and Richard Morgan Hickmott. In connection with discovery in the Lawsuit, Dyson has produced a number of documents to SharkNinja, some of which appear to be Dyson internal notebooks, communications, or other correspondence either from, to, or otherwise mentioning the named inventor whose testimony SharkNinja presently seeks. Dyson also has alleged dates of invention of the patents-in-suit that pre-date the respective filing dates of the applications that led to the patents-in-suit, based in part on the activities of one or more of the named inventors.

### THE WITNESS

Mr. Hickmott is a named inventor of the '163 patent. Moreover, Dyson has confirmed that Mr. Hickmott is relevant to the Lawsuit. In Dyson's Fed. R. Civ. P. 26(a)(1) Second Amended Disclosures, Dyson identified Mr. Hickmott as a person likely to have discoverable information that Dyson may use to support its claims and/or defenses. In particular, Dyson represented that Mr. Hickmott formerly was a Senior Design Engineer at Dyson Technology Limited, and that he is expected to be generally knowledgeable about the conception and development of the designs described in the '163 patent, as well as the designs utilized in Dyson's handheld vacuum cleaners. Dyson also has produced substantial volumes of documents relating to the conception, reduction to practice, and development of the claimed designs of all three patents-in-suit that were either authored or received by Mr. Hickmott, or otherwise mention him. Accordingly, the discovery

provided by Dyson to SharkNinja in the Lawsuit is consistent with Mr. Hickmott's key role at Dyson and his personal involvement in key events relating to Dyson's claims of design patent infringement.  Given Mr. Hickmott's key role at Dyson and his personal involvement in such events, SharkNinja therefore seeks to examine him on the topics listed below, including documents and communications that relate thereto.

## TESTIMONY SOUGHT FROM THE WITNESS

In interpreting the requests below, the following definitions should apply:

1. As used herein, the term "Dyson" shall mean and include Dyson, Inc. and Dyson Technology Limited and all predecessors (merged, acquired, or otherwise), subsidiaries, parents, joint ventures, and affiliates thereof, and all current and former directors, officers, agents, employees, attorneys, and other persons acting on its behalf.

2. As used herein, the term "Claimed Designs" shall mean and include the designs claimed in the patents-in-suit.

SharkNinja believes that Mr. Hickmott has knowledge of:

1. Matters relating to the patents-in-suit, namely:

    a. The circumstances surrounding the conception, reduction to practice, design, and development of the Claimed Designs;

    b. The role(s) played by Mr. Hickmott and the other named inventors, Peter David Gammack, James Dyson, William Robert James White, William Frame Milne, and Michael James Peace, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

    c. The role(s) played by any person other than a named inventor, including but not limited to Timothy Nicholas Stickney, Stephen Courtney, and Jon Marsh, in the conception, development, and reduction to practice of the Claimed Designs, including any alleged diligence between conception of the Claimed Designs and their reduction to practice;

    d. Knowledge and understanding of the state of the art of the fields of handheld and stick vacuum cleaner design as of the alleged dates of conception of the Claimed Designs, including:

        i. the ways in which the Claimed Designs advanced the art in the fields of handheld and stick vacuum cleaner design; and

        ii.   Mr. Hickmott's understanding of the meaning and disclosure made in articles, publications, presentations, or papers related to the fields of handheld and stick vacuum cleaner design.

   e.   Prosecution of the patents-in-suit.

2.   Matters relating to Dyson, namely:

   a.   Descriptions of Mr. Hickmott's work performed, job duties and responsibilities, and titles held while employed at Dyson;

   b.   The terms of any employment agreements between Dyson and Mr. Hickmott; and

   c.   Dyson's designs for vacuum cleaners and components thereof, including but not limited to Dyson's hand vacuum cleaner designs and stick vacuum cleaner designs.

3.   Matters relating to this Lawsuit, namely:

   a.   Mr. Hickmott's knowledge of the factual basis for Dyson's accusations of infringement against SharkNinja;

   b.   The interest Mr. Hickmott has in this Lawsuit, if any;

   c.   Discussions between Mr. Hickmott and Dyson about the Lawsuit, and any evidence Mr. Hickmott may be able to give in the Lawsuit about those discussions; and

   d.   Discussions between Mr. Hickmott and Dyson, or any other person, regarding this Lawsuit, and any evidence Mr. Hickmott may be able to give about those discussions.