UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC. and <br> DYSON TECHNOLOGY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> SHARKNINJA OPERATING LLC and <br> SHARKNINJA SALES COMPANY, <br><br> Defendants. | Case No. 14-cv-779 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dyson, Inc. and Dyson Technology Limited filed a Second Amended Complaint against Defendants SharkNinja Operating LLC and SharkNinja Sales Company (collectively, the "Defendants"), alleging three counts of design infringement associated with United States Design Patents No. D577,163 (the "'163 Patent"), No. D668,010 (the "'010 Patent"), and No. 668,823 (the "'823 Patent"). On March 2, 2016, the Court held a claims-construction hearing, which included the argument of counsel for each party and the submissions of written summations by each party. Plaintiffs have filed a Motion to Strike Portions of Defendants' Reply Claim Construction Brief, Portions of the Rebuttal of Declaration of Alan Ball, and Proposed Claim Constructions in the Joint Rule 4.2(F) Statement [157]. For the reasons stated below, Plaintiffs' Motion [157] is denied.

### BACKGROUND

On December 23, 2014, Defendants disclosed their final non-infringement contentions. On September 2, 2015, Defendants' Motion for Summary Judgment of Noninfringement was denied. After the summary judgment ruling, the Court agreed with Defendants that a claim

construction hearing was necessary to distinguish between ornamental and functional aspects of the design patents. The parties submitted claim construction briefs and a claim construction hearing was held on March 2, 2016.

## LEGAL STANDARD

Arguments raised for the first time in a reply brief are waived. *United States v. Kennedy*, 726 F.3d 968, 974 n. 4 (7th Cir. 2013) (citing *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011)). However, a reply may respond to issues and arguments raised in a response brief. *See Central States, Southeast and Southwest Areas Pension Fund v. White*, 258 F.3d 636, 640 n. 2 (7th Cir. 2001).

## ANALYSIS

Plaintiffs allege that Defendants' proposed claim constructions in the Local Patent Rule 4.2(f) Statement are derived from arguments and constructions raised for the first time in Alan Ball's rebuttal declaration and Defendants' Reply Claim Construction Brief. Plaintiffs argue that the verbal descriptions of the design and an argument about excluding elements "at a general conceptual level" are new and cannot be made for the first time in replies. Defendants argue that the portions that Plaintiffs object to were responses to mischaracterizations of their arguments in Plaintiffs' Responsive Claim Construction Brief.[1]

In their initial brief and Local Patent Rule 4.1 proposal, Defendants argued that the claims should be limited to the drawings and further limited by functional elements. In their reply brief and their proposed claim constructions in the Joint Rule 4.2(f) Statement, Defendants

---

[1] Most of the arguments in the briefs for the Motion to Strike are substantive arguments about claim construction and not whether Defendants improperly raised new issues and arguments. For example, Plaintiffs argue that Defendants' verbal constructions are overly argumentative and self-serving, and Defendants argue that functional elements should be excluded at a general conceptual level.

added verbal descriptions and pictures of what they believed the functional elements to be. The arguments and constructions are not raised for the first time in the Reply Claim Construction Brief, Rebuttal of Declaration of Alan Ball, and Proposed Claim Constructions in the Joint Rule 4.2(f) Statement. Rather, they are clarifications of the previous arguments and constructions in response to arguments raised by Plaintiffs in their Responsive Claim Construction Brief.[2] Additionally, Plaintiffs were given leave to file a Sur-Reply Claim Construction Brief, which addresses the allegedly new arguments and contentions.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs' Motion to Strike Portions of Defendants' Reply Claim Construction Brief, Portions of the Rebuttal of Declaration of Alan Ball, and Proposed Claim Constructions in the Joint Rule 4.2(F) Statement [157] is denied. However, the substance of the Motion will be considered in the claim construction ruling.

Date: September 9, 2016

/s/ John W. Darrah
U.S. District Court Judge

---

[2] It should also be noted that "[b]ecause the court has an independent obligation to construe the terms of a patent, [it] need not accept the constructions proposed by either party . . . ." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1323-24 (Fed. Cir. 2008).