UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DYSON, INC., *et al.*,       )
                             )
       Plaintiffs,  )
    v.                       )  Case No. 14-cv-779
                             )
SHARKNINJA OPERATING LLC,    )  Judge John W. Darrah
*et al.*,                    )
                             )
       Defendants.  )

## MEMORANDUM OPINION AND ORDER

On September 30, 2016, Magistrate Judge Cox granted Defendants' Motion for Letters of Request, also known as Letters Rogatory, for the Deposition of Certain Individuals in the United Kingdom, Singapore, and Denmark in part and denied it in part. Magistrate Judge Cox granted the request for Letters Rogatory but limited the testimony topics. Defendants filed Objections to Order Regarding Requests for International Discovery [294].

### BACKGROUND

Plaintiffs Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson") filed a Second Amended Complaint against Defendants SharkNinja Operating LLC and SharkNinja Sales Company (collectively, the "Defendants"), alleging three counts of design infringement associated with United States Design Patents No. D577,163 (the "'163 Patent"), No. D668,010 (the "'010 Patent"), and No. D668,823 (the "'823 Patent").

The '163 Patent lists Peter Gammack, Michael Peace, William White, William Milne, Richard Hickmott, and James Dyson as named inventors. In its Final Infringement Contentions of November 26, 2014, Dyson asserted that the priority date for the '163 Patent was

July 19, 2006; in a supplemental interrogatory response served in March 2016, Dyson amended the priority date to May 5, 2005. Gammack, Milne, and Dyson have sat for depositions. They stated that the design patents relevant to this suit resulted from a collaborative process, and they were unable to identify which portions of the design could be attributed to which named inventor. Peace, White, and Hickmott have not been deposed and reside in Singapore, the United Kingdom, and Denmark, respectively. Peace, White, and Hickmott are refusing to appear for a deposition voluntarily.

Defendants filed a motion requesting the Court to issue Letters of Request and submit them to the "Competent Authorities of the United Kingdom, Singapore, and Denmark, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters." (Dkt. 235-1, p. 1.) Defendants submitted three proposed Letters for Request that are virtually identical, which included an exhibit describing the testimony sought from Peace, White, and Hickmott.

The topics for examination listed in the exhibit were: "1) 'Matters relating to the patents-in-suit' (*i.e.*, circumstances surrounding the conception and development of the '163 patent, the '823 patent, and the '010 patent, the roles played by the named inventors and other Dyson employees in that conception and development, and '[k]nowledge and understanding of the state of the art of the fields of handheld and stick vacuum cleaner design'); 2) 'Matters relating to Dyson' (*i.e.*, descriptions of the deponent's job duties, employment agreements with Dyson, and information regarding Dyson's designs for vacuum cleaners); and 3) 'Matters relating to this Lawsuit' (*i.e.*, the deponent's knowledge of the factual basis for Dyson's infringement claims, and discussions the deponent had about the lawsuit with Dyson or any other person)."

*Dyson, Inc. v. SharkNinja Operating LLC*, No. 1:14-CV-0779, 2016 WL 5720702, at *1 (N.D. Ill. Sept. 30, 2016).

## LEGAL STANDARD

This issue is governed by Federal Rule of Civil Procedure 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). To prevail on their objections, Defendants must show that Magistrate Judge Cox's order was clearly erroneous or contrary to law. *See Makowski v. Smith Amundsen LLC*, No. 08-CV-6912, 2012 WL 3643909, at *1 (N.D. Ill. Aug. 21, 2012).

## ANALYSIS

Defendants object to Magistrate Judge Cox's holding that Peace, White, and Hickmott are not likely to have relevant information regarding the '010 Patent and the '823 Patent, the patents covering the stick-vacuum designs. Magistrate Judge Cox held that Peace, White, and Hickmott were "much less likely to have relevant information" regarding the '010 Patent and the '823 Patent, as they are only listed as inventors on the '163 Patent. *Dyson, Inc. v. SharkNinja Operating LLC*, No. 1:14-CV-0779, 2016 WL 5720702, at *4 (N.D. Ill. Sept. 30, 2016). Therefore, the Letters Rogatory were limited to testimony concerning the '163 Patent.

3

Defendants requested Letters of Request to the United Kingdom, Singapore, and Denmark, pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The Hague Convention procedures are available to "facilitate the gathering of evidence by the means authorized by the Convention." *Societe National Industrielle Aeropatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 540 (1987). The procedures include Letters Rogatory issued by United States District Courts and submitted to the foreign judicial authority of other signatory nations. *See id.* "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.* at 546.

American courts must address issues of comity and "take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." *Id.* "In performing a comity analysis, a court should consider: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance would undermine important interests of the state where the information is located." *Seoul Semiconductor Co. Ltd. v. Nichia Corp.*, 590 F. Supp. 2d 832, 835 (E.D. Tex. 2008).

Defendants argue there is evidence that Peace, White, and Hickmott were involved in the design of the stick-vacuum patents. Defendants point to sketches in Dyson's notebooks

4

indicating that Peace and White were involved in designing the stick vacuum. Defendants also contend that Hickmott was a member of the "design team" during the design period for the stick vacuums. Defendants maintain that this evidence shows that Peace, White, and Hickmott are likely to have relevant information. However, this evidence was not presented until after Magistrate Judge Cox issued her order on September 30, 2016. "When a district court reviews objections to a magistrate's decision on a nondispositive matter, such as a discovery dispute, it may not consider evidence that was not presented to the magistrate judge." *Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *10 (N.D. Ill. July 31, 2013).

After the September 30, 2016 Order, Defendants submitted a response with the drawings and testimony. Magistrate Judge Cox denied the request to broaden the Letters Rogatory. (Dkt. 318-3, p. 79:23-24) (". . . I'm not inclined to expand the scope. I think I have given you what you need.") In general, Letters Rogatory should only be issued where they are necessary and convenient and should not be issued "[w]here the relevancy or materiality of the testimony sought is doubtful." *United States v. Rosen*, 240 F.R.D. 204, 215 (E.D. Va. 2007) (quoting 26B C.J.S. Depositions § 34). Defendants have submitted sketches from Peace and White and emphasized that Hickmott was on the design team. Dyson submitted the testimony of several individuals that Peter Gammack and James Dyson designed the stick vacuum by themselves and pointed to the lack of testimony that Peace, White, and Hickmott took any part in the design of the stick vacuum.

"In general, under the clearly erroneous standard, if there are two permissible views of the facts, a district court's choice between them cannot be clearly erroneous." *See Webb v.*

*CBS Broad., Inc.*, No. 08 C 6241, 2011 WL 842743, at *2 (N.D. Ill. Mar. 8, 2011) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985); *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)). Given the special vigilance required to protect foreign litigants from unnecessary or unduly burdensome discovery, and the relative scarcity of evidence that the testimony sought is necessary, Magistrate Judge Cox's order was not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons discussed above, Defendants' Objections to Order Regarding Requests for International Discovery [294] are overruled; and Magistrate Judge Cox's September 30, 2016 Order is affirmed.

Date: February 2, 2017  /s/ *signature*
JOHN W. DARRAH
United States District Court Judge