**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DYSON, INC. and<br>DYSON TECHNOLOGY LIMITED,<br><br>       Plaintiffs,<br><br>    v.<br><br>SHARKNINJA OPERATING LLC and<br>SHARKNINJA SALES COMPANY,<br><br>       Defendants. | Civil Action No. 14-cv-779<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Susan E. Cox |

**SHARKNINJA'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OR, IN THE ALTERNATIVE, INVALIDITY**

Pursuant to Federal Rule of Civil Procedure 56, defendants SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja") respectfully move for summary judgment that SharkNinja does not infringe U.S. Design Patent Nos. D577,163, D668,010, and D668,823 (collectively, "asserted patents") of plaintiffs Dyson, Inc. and Dyson Technology Limited ("Dyson") or, in the alternative, that the asserted patents are invalid.

As demonstrated in the supporting Memorandum, Declaration of John Evans, Declaration of Alan Ball, Declaration of Ben Bederson, and Statement of Undisputed Material Facts submitted herewith, SharkNinja is entitled to summary judgment of non-infringement. The test for design patent infringement asks whether an ordinary observer, applying the Court's claim construction and with knowledge of the prior art, giving the designs as much attention as purchasers usually give to the relevant products, would purchase the accused design supposing it be the patented design. In applying this test, the claim scope is limited to the ornamental aspects

depicted in the design patent because a design patent cannot protect any underlying functional features or general design concepts.

As a matter of law, SharkNinja is entitled to summary judgment of non-infringement for at least two reasons. *First*, the Court's claim construction Order (Dkt. 293) identifies various functional features that "are not protected by the design patent[s]" and confines the scope of the asserted patents to "the ornamental design of the drawings." In view of the Court's claim construction Order, Dyson cannot meet its burden to show that the claimed and accused designs are substantially the same.

*Second*, the prior art describes hand and stick vacuums that share ornamental aspects claimed in Dyson's asserted patents. In evaluating infringement, the ordinary observer is deemed to have knowledge of these prior art designs, which highlight the differences of the accused products relative to the prior art and the claimed designs. When the prior art is considered by the ordinary observer, it reinforces the conclusion that Dyson cannot meet its burden to show that the claimed and accused designs are substantially the same.

Alternatively, SharkNinja is entitled to summary judgment of invalidity. To maintain infringement, Dyson and its expert have misinterpreted the Court's claim construction Order to claim a monopoly over the general concepts of (1) a pistol grip hand vacuum and (2) a stick vacuum comprised of a pistol grip hand vacuum, a suction tube, and a low-profile floor unit. If the Court agrees with this position (and it should not), the scope of these design patents is sufficiently broad as to capture a number of prior art references. Indeed, Dyson's Rule 30(b)(6) witness and its expert both admit that, under that interpretation of claim scope, these references are substantially similar to (and hence anticipate) the claimed designs. Thus, under Dyson's interpretation of the Court's claim construction Order, its patents are invalid.

For these reasons, SharkNinja respectfully requests summary judgment of non-infringement for each of the products accused in this case or, in the alternative, summary judgment that Dyson's asserted patents are invalid.

Dated:  May 15, 2017

/s/  John C. Evans

David L. Witcoff
dlwitcoff@jonesday.com
Patrick J. O'Rear
porear@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago IL 60601-1692
Telephone: (312) 782-3939

John G. Froemming
jgfroemming@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 872-3939

John C. Evans
jcevans@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939

*Attorneys for Defendants, Counterclaim-Plaintiff SharkNinja Operating, LLC and SharkNinja Sales Company*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 15, 2017, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court and was served via the Court's CM/ECF System which will automatically provide electronic notice upon all counsel of record.

*/s/ John C. Evans*